**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR21** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| vs. | ) | |
| | ) | |
| **SAMSON ALDACO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss Indictment and Request for Evidentiary Hearing (Filing No. 247). A supporting brief was not filed, as required by NELR 12.3(b)(1), although the motion includes counsel's statement that a brief will be filed on or after April 25, 2005.

## FACTUAL BACKGROUND

On January 24, 2002, the Indictment was filed, charging the Defendant, Samson Aldaco, with conspiracy to distribute and possession with intent to distribute methamphetamine. (Filing No. 1.) Two other Indictments followed. (Filing Nos. 155, 198.) The most recent, the Second Superseding Indictment filed on July 22, 2004, charges Aldaco with: conspiracy to distribute and possession with intent to distribute methamphetamine (Count I); and using, brandishing, carrying, and possessing a firearm in furtherance of the drug trafficking crime charged in Count I. (Filing No. 198.)

During this period of time Aldaco has had six attorneys. The first attorney was retained, and all others have been appointed. Aldaco has requested, and obtained the following continuances: four continuances to continue his pretrial motion deadline (Filing Nos. 27, 107, 117, 121; and three continuances of the trial date (Filing Nos. 49, 75, 193),

which was originally set for July 29, 2002 (Filing No. 46). Additionally, Aldaco asked for, and obtained, continuances to supplement a suppression hearing (Filing No. 135), and to extend his time to object to the Magistrate Judge's Report and Recommendation and file an appeal rom the Magistrate Judge's order (Filing Nos. 192, 202). All continuances in this matter have been made at Aldaco's request.

Moreover, at the hearing held before me on September 23, 2004, with respect to the appeal of the request for a mental evaluation, I specifically asked Aldaco at the beginning of the hearing whether he wished to have a certified Spanish language interpreter available by telephone. Aldaco replied, in English: "Your Honor, we can proceed in English. There's only certain words that I might have trouble understanding, and I'll contact an interpreter at that time." (TR 2.) I then asked Aldaco whether he wished the certified interpreter to be available by telephone, and Aldaco responded, "yes." (TR 2.) Aldaco did not utilize the services of the court interpreter, and specifically stated that he wished to proceed with the hearing in English when the interpreter was no longer available. (TR 8.) Near the end of the hearing, I asked Aldaco whether he waived "any rights under the Speedy Trial Act to get [his] case tried promptly," to which he replied: "Yes, ma'am." (TR 16.) On September 23, 2004, I issued a written order excluding speedy trial time pending resolution of the Defendant's competency pursuant to 18 U.S.C. § 3161(h)(1)(A) (one of the periods of time that "shall" be excluded). (Filing No. 219.)

On January 30, 2005, Aldaco filed, through counsel, a motion to dismiss Count II of the Superseding Indictment based on vindictive prosecution. (Filing No. 238.) A hearing was held on March 7, 2005, at which I found Aldaco competent to stand trial. (Filing No. 248.) The motion to dismiss Count II was also discussed, and the motion was held in

abeyance.  (Filing No. 244.)  Aldaco now argues in the motion now before me[1] that his speedy trial waiver at the hearing on September 23, 2004, was not knowing, intelligent, or voluntary.

## DISCUSSION

In my written order following the September 23, 2004, hearing, I excluded speedy trial based on the order committing Aldaco for a mental evaluation.  Specifically, I excluded the time pursuant to 18 U.S.C. 3161(h)(1)(A), which relates to any "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant."  An exclusion for purposes of determining mental competency is automatic and required.  18 U.S.C. § 3161(h)(1)(A); *United States v. Antwine,* 873 F.2d 1144, 1149 n.7 (8th Cir. 1994).  No waiver is required of the Defendant for an exclusion under § 3161(h)(1)(A).

Even assuming that a waiver would be required, the Court notes the following: 1) the Defendant's clear waiver at the hearing after waiving his right to a certified court interpreter for the portion of the hearing during which he waived his speedy trial right in English; 2) the facts of this case, in particular the numerous previous continuances granted, all of which were granted at Aldaco's request and without any objection to orders waiving his speedy trial rights; and 3) the recently filed defense motions (Filing Nos. 237, 247) that are now tolling the speedy trial clock, including the instant motion (Filing No. 247) filed specifically at Aldaco's direction.  Certainly the history of this case, together with

---

[1] The motion states that counsel filed the motion at Aldaco's direction.

Aldaco's oral waiver at the hearing, clearly show a knowing, intelligent, and voluntary waiver of Aldaco's speedy trial rights.

IT IS ORDERED that the Defendant's Motion to Dismiss Indictment and Request for Evidentiary Hearing (Filing No. 247) is denied.

DATED this 19th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge