# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR21** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **SAMSON ALDACO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 323). The government has adopted the PSR. (Filing No. 324.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these tentative findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory. The Defendant objects to several paragraphs of the PSR.[1] The objections are discussed below.

### *Government's Version of the Offense*, *¶¶ 23-54*

The Defendant objects to the government's version of the offense. The Court is not at liberty to change the government's statement as to its version of the offense, and the objection is denied.

---

[1] Although the cover letter accompanying the PSR states that there were no objections to the PSR, the Court is aware of defense counsel's statement that he submitted objections to the probation officer on February 5, 2006. (Filing No. 323, ¶ 1.) Counsel's deadline at the time was March 7, 2006. (Filing No. 322, ¶ 4.)

*Factual Allegations, ¶¶ 56-61*

The Defendant objects to the conclusion in ¶ 56 that the Defendant is responsible for approximately 19 kilograms of methamphetamine, arguing that this information came not from the Court's proposed findings of fact and conclusions of law but rather from the government's proposed findings and conclusions as well as conversations with the prosecutor. The Court disagrees, noting that ¶ 9 alone of its findings of fact and conclusions of law references more that 19 kilograms of methamphetamine. (Filing No. 306.) The objection is denied.

*Stacy Straw's Death as a Factor, ¶ 62*

The Defendant also objects to the allegation in ¶ 62 that the victim, Stacy Straw, died as a result of Aldaco's actions. This objection is primarily important because it increases the base offense level in ¶ 69 from 38 to 43. In light of the trial testimony and the information summarized in ¶ 93 of the PSR, the objection is denied. Moreover, the Court adds that in light of the application of 21 U.S.C. § 851 invoked by the filing of the Information (Filing No. 256), this objection appears moot. The Court notes that Aldaco has two alleged qualifying prior convictions resulting in a mandatory life sentence on Count I. 21 U.S.C. § 841(b) (requiring a mandatory life sentence after two or more qualifying felony drug convictions); (PSR, ¶¶ 86-87, 91).

*Restitution*

The objection to any award of restitution that might be awarded as a result of the death of Stacy Straw is denied as moot. Restitution is not an issue. (PSR, ¶¶ 132-34.)

*Use of Firearms, ¶ 71*

The Defendant objects to the allegation in ¶ 71 that the evidence shows that numerous firearms were used or possessed by the Defendant in the commission of the offense. The Court notes that because the cross-reference provision set out in 21 U.S.C. § 2D1.1(d)(1) led to the application of U.S.S.G. § 2A1.1 (first degree murder) in determining the base offense level, the objection is moot as a successful challenge to the information at issue has no effect on the guideline calculation. The objection is denied as moot.

*Role Enhancement*, *¶ 72*

The Defendant objects to the upward adjustment for Aldaco's alleged aggravating role in the offense pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004), *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *United States v. Booker,* 543 U.S. 220 (2005).

The Eighth Circuit Court of Appeals has determined that a district court may find sentencing factors by a preponderance of the evidence and specifically that *Booker* does not require that such enhancements be proved beyond a reasonable doubt. *United States v. Artis,* 161 Fed. Appx. 627 (8th Cir. 2006). The objection is denied.

*Criminal History, ¶¶ 85-93*

The Defendant makes a blanket objection to the entirety of his criminal history. The Court does not look with favor on such objections. It is the probation office's policy that counsel may view its file in the probation office upon request. There is no allegation that this opportunity was requested and denied. The objection is denied.

*Nebraska State PSR*

The Defendant objects to the use of information from the Nebraska state presence report because the report has not been provided and counsel has not been allowed access to the report. It is the Court's understanding that upon request counsel may view the report in the probation office. There is no specific allegation that this opportunity was requested and rejected. The objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 323) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 5th day of April, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge