IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR21 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| SAMSON ALDACO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Samson Aldaco: to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 384); for appointment of counsel (Filing No. 385); and for leave to proceed in forma pauperis (Filing No. 385). In his motion, Aldaco requests an evidentiary hearing and the opportunity for discovery and to amend his motion, if necessary. He does not specify what discovery material he seeks. Aldaco filed a supporting brief. (Filing No. 389.)

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

After a nonjury trial, the Court found Aldaco guilty of the following Counts of the Second Superseding Indictment: conspiracy to distribute and possess with intent to

distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I); and using and carrying a firearm during and in relation to the drug trafficking crime charged in Count I (Count II).  (Filing No. 306.)  The district court denied Aldaco's pretrial motion to dismiss his case as violative of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and his Sixth Amendment right to a speedy trial.  (Filing No. 249.)  At trial, the Court also denied his motion for acquittal based on insufficiency of the evidence.  (Filing No. 274.)  On May 22, 2006, Aldaco was sentenced to life imprisonment on Count I and a consecutive term of 84 months imprisonment on Count II.  The term of imprisonment was ordered to be served concurrent to Aldaco's previously imposed state court sentence of life imprisonment.  (Filing No. 338.)

## DISCUSSION

In his § 2255 motion, Aldaco argues that he received ineffective assistance of trial and appellate counsel.  During the course of his federal case, Aldaco had six attorneys, five of which were appointed.  Aldaco argues that his attorneys were ineffective in failing to: obtain a dismissal of the Second Superseding Indictment based on a violation of the Speedy Trial Act, 18 U.S.C, § 3161(b); obtain a dismissal based on the Speedy Trial Act, 18 U.S.C. § 3161(c)(1); obtain a dismissal, at trial or on appeal, based on insufficient evidence; object to and prevent the use of prior state court convictions to enhance his penalty under 21 U.S.C. § 851; argue that the drug quantity must be determined at sentencing by using the reasonable doubt standard; prevent the unconstitutional conviction and sentencing under the "unconstitutionally vague" firearm provision, 18 U.S.C. § 924(c)(1)(A); and move for a dismissal due to alleged violations under the Ex Post Facto and Due Process clauses and the separation of powers doctrine.

In order to establish ineffective assistance of counsel, Aldaco must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

***Claim One: Dismissal Under Speedy Trial Act § 3161(b)***

Aldaco argues that his attorney was ineffective for not raising the argument that the Second Superseding Indictment was filed more than 30 days after his arrest. In pertinent part, 18 U.S.C. § 3161(b) provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested."

The argument that a superseding indictment must be filed within thirty days after arrest has been rejected. *United States v. Beal,* 940 F.2d 1159, 1162 (8th Cir. 1991). A superseding indictment is subject to the applicable statute of limitations rather than the thirty-day Speedy Trial Act requirement. *United States v. Hance,* 501 F.3d 900, 905-06 (8th Cir. 2007). Aldaco cannot show either prong of the *Strickland* test, and this claim is denied.

***Claim Two: Dismissal Under Speedy Trial Act, 18 U.S.C. § 3161(c)(1)***

3

Aldaco argues that trial counsel was ineffective for not obtaining a § 3161(c)(1) dismissal because he was not brought to trial within 70 days from the date of the latter of his indictment or initial appearance.

The Eighth Circuit analyzed Aldaco's speedy trial claim regarding specific time periods in detail and found no violation. (Filing No. 366, at 11-16.) In his § 2255 motion, Aldaco raises additional time periods that he argues caused the alleged delay. As in other claims, Aldaco appears to use the ineffective assistance of counsel argument as a vehicle to raise additional underlying claims unrelated to effective assistance of counsel. Aldaco cannot prove either prong of the *Strickland* test with respect to the alleged Speedy Trial Act violations, and this claim is denied.

### *Claim Three: Insufficient Evidence; Trial and Appeal*

Aldaco argues that trial and appellate counsel were ineffective for failing to secure a dismissal of his case based on insufficient evidence. Again, much of Aldaco's argument is unrelated to ineffective assistance of counsel, but rather on his contention that the government failed to meet its burden of proof at trial. The Eighth Circuit found sufficient evidence to support Aldaco's conviction of both counts. (Filing No. 366, at 16-17.) Therefore, Aldaco cannot prove either prong of the *Strickland* test. This claim is denied.

### *Claim Four: 21 U.S.C. § 851 Enhancement*

Aldaco argues that counsel was ineffective for not objecting to the § 851 Information alleging two prior drug felonies and allowing him to be sentenced under the § 851 enhancement.

The Defendant was arraigned before trial on the Information alleging the prior convictions. (Filing No. 271 (the minute entry states § 891 in error).) Defense counsel filed

objections to the PSR, including objections to the qualifying prior convictions. (Filing No. 323, ¶ 8.) The objections were addressed at sentencing and denied. (Filing No. 345, at 4-8.) Aldaco confuses 18 U.S.C. § 3559(c)(1) ("serious violent felony") with § 841(b) ("prior convictions for a drug felony offense"). Aldaco cannot prove at least the first prong of the *Strickland* test, and the claim is denied.

### *Claim Five: Standard of Proof*

Aldaco argues that counsel was ineffective for not arguing that the relevant standard for determining drug quantity at sentencing is beyond a reasonable doubt. This argument has been frequently addressed by the Eighth Circuit and denied. *United States v. Webb,* 545 F.3d 673, 677 (8th Cir. 2008). Aldaco cannot prove either prong of the *Strickland* test, and the claim is denied.

### *Claim Six: Vagueness of 18 U.S.C. § 924(c)(1)(A)*

Aldaco argues that § 924(c)(1)(A) is unconstitutionally vague because it includes no statement of a maximum term of imprisonment. Although not specifically stated in the statute, it is recognized that the applicable consecutive term of imprisonment is not less than 5 years and up to a period of life imprisonment. *United States v. Todd,* 521 F.3d 891, 894 (8th Cir. 2008); 21 U.S.C. § 924(c). This argument has been rejected. *United States v. Whitehead,* 257 Fed. Appx. 777, at 6 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 2461 (2008). Moreover, Aldaco cannot show prejudice, as he was subject to a mandatory term of life imprisonment on the other count of the Second Superseding Indictment as well as life imprisonment for his state court murder conviction. Aldaco cannot prove either prong of the *Strickland* test, and the claim is denied.

*Claim Seven: Ex Post Facto, Due Process, and Separation of Powers*

Aldaco claims that the application at sentencing of the then current guidelines violated the Ex Post Facto and Due Process Clauses of the United States Constitution. Adaco argues that the guidelines that were current when he committed his offenses should have been used.

The general rule is that the guidelines in effect at the time of sentencing apply, unless they are more onerous than the guidelines in effect at the time of the commission of the offense, in which the latter described set applies. *United States v. Levi,* 2 F.3d 842, 844-45 (8th Cir. 1993). Aldaco argues that between the time he committed his offenses and his sentencing hearing, the change to advisory guidelines resulted in more onerous guidelines. Primarily, he argues that prior to this change, the government's burden of proof with respect to drug quantity at sentencing was beyond a reasonable doubt. Aldaco's argument is misplaced. The standard for proving drug quantity under the guidelines at sentencing has not changed during the time period in question. *United States v. Moss,* 252 F.3d 993, 1000 (8th Cir. 2001) (applying the preponderance of the evidence standard).

In raising his separation of powers argument, Aldaco claims that the doctrine is violated because the judge rather than the jury determines the drug quantity under the guidelines at sentencing. Aldaco's position has been rejected. See, e.g., United States v. Kurkowski, 281 F.3d 699, 703 (8th Cir. 2002). Aldaco cannot prove either prong of the *Strickland* test, and the claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied. The requests for an evidentiary

hearing, the opportunity for discovery and, if necessary, leave to amend, are denied. The motions for appointment of counsel and leave to proceed in forma pauperis are also denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 384);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 384) is summarily denied;

3. The Defendant's requests for an evidentiary hearing, the opportunity for discovery, and, if necessary, leave to amend (Filing No. 384) are denied;

4. The Defendant's motion for appointment of counsel (Filing No. 385) and for leave to proceed in forma pauperis (Filing No. 386) are denied;

5. A separate Judgment will be issued denying the § 2255 motion; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 3rd day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge